James H. Eckl, Esq. Meadow, Ruf and Lalor, Esqs.
This is in reply to your opinion request in which you ask two questions regarding the filling of a vacancy on the Board of Trustees of the Village of Catskill.
Your first question concerns filling the vacancy pending election and as between section 5 of the Charter of the Village of Catskill (L 1860, ch 68) and Village Law, § 3-312 which controls?
It is my opinion that the Village Charter is controlling. Village Law, § 23-2202 provides in pertinent part:
 "This chapter shall not be deemed to repeal or otherwise affect the provisions of any * * * village charter * * * it being the intention of the legislature that the same shall continue in full force and effect until and unless otherwise duly amended, repealed or affected."
It is the clear intent of the Legislature that the Village Charter is to remain in full force and effect and that the provisions of section 5 should be followed in filling the vacancy on the Board of Trustees. (See also, 1965 Op Atty Gen 168.)
Your second question is that as between the Village Charter, §§ 3 and 4 and Election Law, § 15-106 which controls the notice upon which a special election is called and the manner in which this special election is conducted?
It is again my opinion that the Village Charter is controlling. Election Law, § 1-102 provides in part:
 "Where a specific provision of law exists in any other law which is inconsistent with the provisions of this chapter, such provision shall apply unless a provision of this chapter specifies that such provision of this chapter shall apply notwithstanding any other provision of law."
The Village Charter is a specific provision of law (L 1860, ch 68) that is inconsistent with Election Law, § 15-106. This section of the Election Law contains no provision making it applicable notwithstanding any other provision of law. Accordingly the Village Charter would control the notice for the special election and the manner in which it is conducted.